UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JUDICIAL WATCH, INC.,               )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 13-0949 (ESH)
                                    )
UNITED STATES                       )
DEPARTMENT OF JUSTICE,              )
                                    )
    Defendant.                      )
_____ )

# MEMORANDUM OPINION

Judicial Watch, Inc., brings this action against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* In response to a FOIA request made by plaintiff, defendant produced some documents in full, but withheld and redacted others pursuant to FOIA Exemptions 5 and 6. (Def.'s Mot. for Summ. J. ("Def.'s Mot."), Feb. 10, 2014 [ECF No. 10], at 1-2.) Plaintiff concedes that the search for responsive documents was reasonable and that the majority of defendant's withholdings and redactions were justified. (Pl.'s Cross-Mot. for Partial Summ. J. ("Pl.'s Mot."), Mar. 3, 2014 [ECF No. 12], at 4.) Plaintiff, however, challenges the redaction of e-mails "discussing the drafting of the Attorney General's speech which discuss/infer the sexual orientation of certain Department employees" under Exemption 6. (*Id.*) Presently before the Court are the parties' cross-motions for summary judgment. Based on a consideration of the pleadings, an *in camera* review of the e-mails at issue, and the relevant case law, the Court will grant defendant's motion and deny plaintiff's motion.

**BACKGROUND**

On August 27, 2012, Judicial Watch submitted a FOIA request to the DOJ Office of Information Policy ("OIP") seeking records related to the National LGBT (Lesbian, Gay, Bisexual, and Transgender) Bar Association's 2012 Lavender Law Conference and Career Fair at which the Attorney General spoke. (Statement of Material Facts As to Which There is No Genuine Dispute ("SUMF"), Feb. 10, 2014 [ECF No. 10], at ¶ 1.) When Judicial Watch failed to receive a response from the government by March 18, 2013, it sent an e-mail demanding that the requested records be provided without delay. (Pl.'s Mot. at 2.) DOJ responded by e-mail informing Judicial Watch that the search for responsive documents had been completed and that OIP was in the process of reviewing these documents. Judicial Watch then filed an administrative appeal on March 21, 2013, and this lawsuit on June 21, 2013. (*Id.* at 2-3.) OIP responded to plaintiff's FOIA request on December 17, 2013. (SUMF at ¶ 3.) Of the two hundred and thirty-five pages of responsive documents identified by OIP, it released one hundred and sixty-six pages in redacted form, withheld sixty-six pages in full, referred two pages to the Community Relations Service (ultimately released in full), and referred one page to the Tax Division (ultimately released in redacted form). (*Id.* at ¶¶ 3-5.)

Along with its motion for summary judgment, defendant filed a sworn declaration from Vanessa R. Brinkmann, Senior Counsel at OIP, detailing the process that OIP used to search for responsive documents and outlining the ten categories of withheld and/or redacted documents. (Declaration of Vanessa R. Brown ("Brown Decl."), Feb. 10, 2014 [ECF No. 10-1].) These categories included:

- Exemption (5)-(1): e-mails "deliberating the timing of an announcement regarding the Attorney General's participation in the conference";

2

- Exemption (5)-(2): e-mails "discussing the drafting of the Attorney General's speech";

- Exemption (5)-(3): "drafts of the Attorney General's speech with substantive revisions that were substantially different from the final version of the Attorney General's remarks before the Lavender Law Conference and Career Fair";

- Exemption (5)-(4): "briefing material, including talking points, prepared for the Attorney General regarding hate crimes prevention";

- Exemption (6)-(1): "the e-mail address of the Attorney General";

- Exemption (6)-(2): "the cell phone numbers of third parties associated with an LGBT organization";

- Exemption (6)-(3): "the cell phone and home numbers and personal e-mail addresses of various employees of the Departments of Justice and Homeland Security";

- Exemption (6)-(4): e-mails "discussing the drafting of the Attorney General's speech which discuss/infer the sexual orientation of certain Department employees";

- Exemption (6)-(5): e-mails "discussing the personal travel of a Department employee"; and

- Exemption (6)-(6): e-mails "among Department employees, including personal commentary and discussions among colleagues inferring the sexual orientation of some Department employees who would be involved at the conference."

(*Id.* at ¶¶ 19-21.) In a footnote in her affidavit, Ms. Brinkmann explained that portions of the two pages of e-mails redacted pursuant to Exemption (5)-(2) "also [had] been protected by Exemption 6[-(4)]." (*Id.* at ¶ 19 n. 9.) In a second footnote, she explained that "[t]he deliberative information in [] category [(6)-(4)] has also been protected by Exemption 5[, s]ee category (b)(5)-(2)." (*Id.* at ¶ 20 n.11.)

Plaintiff does not challenge either the adequacy of defendant's search or the redactions and withholdings made pursuant to nine of the ten categories described above. (Pl.'s Mot. at 4.) Plaintiff challenges only the withholding of portions of documents under Exemption (6)-(4). Though plaintiff acknowledges that it is not requesting the names of the individuals referenced in

3

these documents, it contends that it is entitled to the "release of all other portions of these e-mails in which DOJ employees discuss the sexual orientation of other employees." (*Id.*)

Defendant argues that it is entitled to summary judgment on two independent grounds. (*See* Def.'s Reply to Pl.'s Opp. to Def.'s Mot. for Summ. J. & Opp. to Pl.'s Cross Mot. for Summ. J. ("Def.'s Opp."), Mar. 19, 2014 [ECF No. 13], at 1.) First, it argues that the requested information in Exemption (6)-(4) "w[as] also withheld in part pursuant to Exemption 5 as category [Exemption] (b)(5)-(2)." (*Id.* at 2.) Second, it argues that parts of the documents at issue were justifiably withheld under Exemption 6 because they "allude[] to the sexual preference of a very small number of individuals whose identities are readily identifiable by the specific context of the deliberations, and the redaction of names and/or their job titles would not protect their identities." (*Id.* at 4.). Plaintiff cross-moves for partial summary judgment on the grounds that (1) defendant failed to allege that Exemption 5 applies to the e-mails in a timely fashion and (2) no privacy interests exist which overcome the public interest in the release of "discussions by DOJ employees of other employees' sexual orientation [which] constitute puerile behavior by government employees" and "the disclosure of government officials' attempts to apply stereotypes and speculate on their colleagues' sexual orientation." (*See* Pl.'s Mot. at 6; Pl.'s Reply in Support of Its Cross-Mot. for Partial Summ. J. ("Pl.'s Reply"), Apr. 7, 2014 [ECF No. 15], at 2-3.) On April 18, 2014, the Court issued an Order directing defendant to produce the contested document for *in camera* inspection by the Court.

## ANALYSIS

### I. STANDARD OF REVIEW

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

4

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted). "In a FOIA case, summary judgment may be granted to the government if 'the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.'" *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009) (quoting *Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)). "An agency that has withheld responsive documents pursuant to a FOIA exemption can carry its burden to prove the applicability of the claimed exemption by affidavit." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citing *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 926 (D.C. Cir. 2003)). "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson*, 565 F.3d at 862 (quoting *Miller Audit Project v. Casey,* 730 F.2d 773, 776 (D.C. Cir. 1984)). Finally, "an agency's justification for invoking a FOIA exemption is sufficient if it

appears 'logical' or 'plausible.' " *Larson*, 565 F.3d at 862 (quoting *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007)).

## II. EXEMPTION 5

Defendant first argues that it properly withheld parts of the disputed e-mail chain pursuant to the deliberative process privilege embodied in Exemption 5. (*See* Def.'s Opp. at 2.) This privilege extends to intra- and inter-agency documents that are both "predecisional and deliberative" in nature. *See Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). This category of documents includes "advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Loving v. Dep't of Defense*, 550 F.3d 32, 38 (D.C. Cir. 2008) (citing *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 552 U.S. 1, 8 (2001)). Such documents are protected "because [Congress] determined that disclosure of material that is both predecisional and deliberative does *harm* [to] an agency's decisionmaking process." *McKinley v. Bd. of Gov. of Fed. Reserve Sys.*, 647 F.3d 331, 339 (D.C. Cir. 2011) (emphasis in original).

Plaintiff responds that defendant failed to raise this exemption in a timely to fashion, and therefore, "[a]ny argument that Exemption 5 applies to the requested records has been waived." (Def.'s Reply at 2.) In plaintiff's view, it specifically challenges those redactions made under Exemption (6)-(4) and the government may not simply rely on a cross-reference to Exemption 5 in a "mere footnote in a supporting affidavit attached to its summary judgment motion." (*Id.*) Defendant argues, on the other hand, that the footnotes in the Brinkmann declaration

6

demonstrate that parts of the e-mails are protected under both Exemption (6)-(4) and Exemption (5)-(2).[1] (Def.'s Opp. at 2-3.)

To be sure, the Court of Appeals has "plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings." *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764-65 (D.C. Cir. 2000) (collecting cases). Here, the disputed issue is somewhat different—whether it is sufficient for defendant to raise the objection in the supporting sworn declaration and not within the four corners of the motion itself. The Court believes that it is. The Court of Appeals has routinely recognized that summary judgment may be granted in FOIA cases solely based on the information provided in affidavits or sworn declarations submitted by the agency. *See Am. Civil Liberties Union*, 628 F.3d 612, 619 (D.C. Cir. 2011) ("An agency withholding responsive documents from a FOIA release bears the burden of proving the applicability of claimed exemptions *[and t]ypically . . . does so by affidavit*.") (emphasis added); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) ("To justify summary judgment, *a declaration* must provide detailed and specific information demonstrating 'that material withheld is logically within the domain of the exemption claimed.'") (emphasis added) (internal citations and quotation marks omitted). Therefore, while the government certainly could have been clearer in claiming that both Exemption (5)-(2) and Exemption (6)-(4) applied to the two-page e-mail chain at issue in this case, and it could have referenced the relevant footnotes from the Brinkmann Declaration in its summary judgment motion, its failure to do so is not fatal. Raising the issue in the affidavit and

---

[1] Based on its *in camera* review, the Court can confirm that the only document redacted pursuant to Exemption (6)-(4) is the document expressly identified in category Exemption (5)-(2) in the Brinkmann Declaration in paragraph 19. (*See also* Pl.'s Mot. at 22 (arguing that parts of these e-mails were withheld because "the authors of these e-mails are providing opinions and debating the best way to go about making suggested revisions and/or deciding on courses of action that are still under consideration").)

discussing Exemption (5)-(2) in the summary judgment motion sufficiently illsutrate defendant's reliance on Exemption 5 for redacting parts of the relevant e-mail chain in its "original proceeding" within the meaning of *Maydak*.[2]

Plaintiff next argues in a footnote of its own that "[e]ven if Exemption 5 had not been waived," as the Court concludes, "it would be a truly novel argument that the deliberative process privilege applies to government employees' speculation about their colleagues' sexual orientation." (Pl.'s Reply at 2 n.1.) Yet, this argument is equally unconvincing. Contrary to plaintiff's assertion, the government's justification for withholding parts of the e-mail chain under Exemption 5 is not based on the content of the e-mails, but rather is based on the context in which the comments were made. As Ms. Brinkmann's supporting declaration and the defendant's motion for summary judgment explain, "[t]hese exchanges . . . reflect the various stages of the decisionmaking process . . . [and i]f such communications are made public, Department employees will be much more circumspect in their discussions . . . ." (Brinkmann Decl. at ¶ 27; Def.'s Mot. at 22.) Plaintiff has presented neither "contrary evidence in the record . . . nor evidence of bad faith" that the redacted information "logically falls within the claimed

---

[2] This conclusion is bolstered by the fact that the "two policy goals" that support the requirement that the government raise the exemptions upon which it seeks to rely in the "the original district court proceeding" are: (1) "the interest in judicial finality and economy, which has special force in the FOIA context, because the statutory goals—efficient, *prompt*, and full disclosure of information—can be frustrated by agency actions that operate to delay the ultimate resolution of the disclosure request," and (2) preventing the government from playing cat and mouse by withholding its most powerful cannon until after the [d]istrict [c]ourt has decided the case and then springing it on surprised opponents and the judge." *Stonehill v. I.R.S.*, 558 F.3d 534, 538 (D.C. Cir. 2009) (internal citations and quotation marks omitted). The presence of the footnotes in the Brinkmann Declaration, as well as the legal discussion regarding the deliberative process privilege in the summary judgment motion, provided sufficient notice to the plaintiff that the disputed documents were protected under *both* Exemption (5)-(2) and Exemption (6)-(4). This case does not present any sort of gamesmanship by the government, but rather, at most a lack of precision.

exemption . . . ." and therefore it is has failed to withstand its burden on defendant's motion for summary judgment. *See Larson*, 565 F.3d at 862 (quoting *Miller*, 730 F.2d at 776).

For these reasons, the Court is satisfied that defendant timely raised its reliance on Exemption 5. Moreover, an *in camera* review of the e-mail chain at issue confirms that any redactions made based on the deliberative process privilege were justified. Therefore, the Court will grant defendant's motion and deny plaintiff's motion.

## III. EXEMPTION 6

For the reasons set forth above, the Court is satisfied that parts of the e-mails at issue were properly withheld pursuant to Exemption 5. But, even if Exemption 5 had not been properly invoked, the Court would reach the same conclusion under Exemption 6. Exemption 6 specifically protects against the disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The D.C. Circuit has interpreted this exemption broadly to "exempt not just files, but also bits of personal information such as names and addresses, the release of which would 'create[] a palpable threat to privacy.'" *Judicial Watch, Inc. v. FDA*, 449 F. 3d 141, 152-53 (D.C. Cir. 2006) (citing *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391 (D.C. Cir. 1987)). Where a requested record may be subject to Exemption 6, the Court must determine whether the document may be withheld by "weigh[ing] the 'privacy interest in non-disclosure against the public interest in the release of records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy.'" *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999) (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)).

Plaintiff argues that because it is not seeking the release of the names of the employees whose sexual orientation was being discussed, no privacy interest exists that would justify the withholding of other contents of the e-mail chain in question.  Moreover, assuming there "was somehow a privacy interest in the e-mails," plaintiff contends that the public interest would outweigh any privacy interest because "the discussion by DOJ employees' sexual orientation constitute[s] puerile behavior by government employees about which the public has the right to know" and because there is a "significant public interest [that] exists in the disclosure of government officials' attempts to apply stereotypes and speculate on their colleagues' sexual orientation." (Pl.'s Mot. at 6; Reply at 3.)  Defendant responds that redacting the names of the employees, while generally sufficient to protect the privacy of government employees, does not do enough to protect the identity of the individuals in this case because the e-mails "allude[] to the sexual preference of a very small number of individuals whose identities are readily identifiable by the specific context of the deliberations . . . [t]hus the e-mails on their face would identify the individuals even with the redaction of names/and or their job titles . . . ." (Def.'s Opp. at 4.)

The Court agrees with the defendant.  Where information exists such that the "release of certain portions of [documents], even with the names redacted, could easily lead to the revelation of the documents in their entirety, including the identity of the [individuals] involved," it is proper to withhold these documents if it "creates a palpable threat to privacy."  *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391 (D.C. Cir. 1987).  Based on its *in camera* review of the e-mails, the Court agrees with the agency's determination that based on the very small number of individuals that are referenced, their identities—which plaintiff agrees can be protected—could easily be determined based on the context of the e-mails.  Balancing this privacy interest against,

at most, the relatively inconsequential (if not non-existent) interests identified by the plaintiff, the Court concludes that summary judgment would be justified under Exemption 6 as well. *See Horner*, 879 F.2d at 879 ("[E]ven a modest privacy interest, outweighs nothing every time.").

## IV. SEGRABILITY

Under FOIA, "even if some materials from the requested record[s] are exempt from disclosure, any 'reasonably segregable' information from those documents must be disclosed after redaction of the exempt information," *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552(b)), "unless [the non-exempt portions] are inextricably intertwined with exempt portions." *Mead Data Cent.*, *Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Though plaintiff does not dispute that the government produced all of the reasonably segregable information in this case, the Court has "an affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

The Court is satisfied that defendant has fulfilled this burden based on Ms. Brinkmann's declaration. In her declaration, she classifies each of the documents redacted or withheld by OIP in one or more of ten specific categories and, more importantly, describes the information that was redacted or withheld in great detail.

## CONCLUSION

Accordingly, and for the reasons stated above, defendant's motion for summary judgment will be **GRANTED**. Plaintiff's motion for summary judgment will be **DENIED.** A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 12, 2014